UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George T. Howell, III,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. Department of Justice,<br><br>    Defendant. | Civil Action No.  04-0479 (JDB) |

**MEMORANDUM OPINION**

This action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's motion to dismiss or for summary judgment and plaintiff's cross-motion for summary judgment.[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross-motion for summary judgment.

I.  BACKGROUND

By letter dated April 25, 2003, plaintiff requested from the Bureau of Prisons ("BOP") a copy of his presentence investigation report ("PSR") and statement of reasons ("SOR") for the

---

[1] By Order of March 3, 2005, the Court dismissed the case and remanded it to the Bureau of Prisons for further consideration.  The Court reopened the case by Order of August 25, 2005, reinstated the dispositive motions, and ordered supplemental briefing.  In addition to the initial motion papers, the Court also considers the following submissions: Supplemental Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. No. 35] ("Def.'s Supp. Mem."); Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss or for Summary Judgment, and in Support of Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 36] ("Pl.'s Supp. Mem."); Reply to Plaintiff's Supplemental Memorandum [Doc. No. 37] ("Def.'s Supp. Reply").

judgment.[2] By letter of June 27, 2003, BOP informed plaintiff that, pursuant to BOP Program Statement 1351.05, he could not possess photocopies of the documents but could review them at his institution.[3] Plaintiff challenges as an improper withholding BOP's refusal to permit him to possess a copy of his PSR.

## II.  STANDARD OF REVIEW

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  Because the Court will rely on matters outside the pleadings, it will resolve the motion under the standards for summary judgment.  Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Greene v. Dalton,* 164 F.3d 671, 674 (D.C. Cir. 1999).  The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)).  All reasonable inferences from the facts must be drawn in favor of the nonmoving party.  *Id*. at 255.

---

[2] Plaintiff also requested his wife's PSR.  He does not challenge BOP's denial of that request.  *See* Complaint at 1 ("action is brought . . . . to compel production of the presentence investigation report regarding [plaintiff] . . . so that Plaintiff can make a copy for himself").

[3] Effective November 1, 2002, BOP inmates are prohibited from "obtaining and possessing photocopies of their Pre-sentence Reports . . . and the Statement of Reasons . . . from their Judgment(s) in a Criminal Case." PS 1351.05 at 4 ¶ 2 (Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Exhibit 1).

In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III.  DISCUSSION

"[U]pon any request for records," the FOIA requires that "each agency . . . make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  The Court's jurisdiction under the FOIA is limited "to enjoin[ing] [a federal] agency from withholding agency records or to order[ing] the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  Defendant asserts that it has not improperly withheld any records but rather has complied with FOIA's disclosure requirements by providing the means for plaintiff to view his PSR and SOR at the institution.  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. No. 10] at 5-6.

Initially, plaintiff countered that his inability to obtain a copy of his PSR violates the FOIA because he "is entitled to have his [PSR] made available to him for copying under the [FOIA]." Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 23] at 1.  He based this assertion on the FOIA subsection that requires agencies to "make available for public inspection and copying" materials contained in public reading rooms. 5 U.S.C. § 552(a)(2); *see* Pl.'s Reply at 2 ("when agencies make records available in their public

reading rooms, that means they are 'available for public inspection and copying'"). This provision, however, does not govern an agency's disclosure obligations when responding to a request. *See Jordan v. United States Dep't of Justice*, 591 F.2d 753, 756 (D.C. Cir. 1978 (*en banc*), *overruled on other grounds by Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1053 (D.C. Cir. 1981) (*en banc*)) ("The materials encompassed by paragraph (2) are automatically available for public inspection; no demand is necessary."). Rather, "[e]xcept with respect to the records made available under paragraphs (1) and (2) of this subsection . . . upon any request for records," the FOIA requires only that "each agency . . . make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation omitted). Contrary to plaintiff's position, then, subsection 3 places no obligation on agencies to make responsive records available for copying.

Plaintiff's contention that he is entitled under the FOIA to have a copy of his PSR and SOR while incarcerated is now foreclosed in this jurisdiction. The Court of Appeals for the District of Columbia Circuit recently concluded that the "FOIA does not entitle [a prisoner] to have copies of his PSRs," where he "was afforded a meaningful opportunity to review his PSRs and to take notes on them." *Martinez v. Bureau of Prisons*, No. 04-5343, Slip Op. at 7 (D.C. Cir., Mar. 31, 2006); *see also Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 70 (D.C. Cir. 1990) ("an agency 'need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access.'" (quoting *Tax Analysts v. U.S. Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988), *affirmed*, 492 U.S. 136 (1989)). In light of *Martinez*, by which this Court is bound, plaintiff can no longer argue that the reasonable access to his PSR and SOR that he is afforded is inadequate under the FOIA.

In his supplemental memorandum, however, plaintiff contests "defendant's assertions [that he is claiming] that FOIA requires that inmates have an unlimited 'ability to possess copies of the PSR while in their cells or in the general population'" and 24-hour access to their PSRs. Pl.'s Supp. Mem. at 4 (quoting Def.'s Supp. Mem. at 9, 12). Plaintiff argues instead that "a lawful rule could regulate when and where inmates used and stored their presentence reports, such as permitting their use in the prison library, rather than having a single sweeping prohibition." *Id*. This appears to be a concession that BOP may preclude prisoners from possessing their PSRs without running afoul of the FOIA, as long as it provides meaningful access to them, which of course is now the law in this Circuit following *Martinez*. If this is plaintiff's position, however, he has not established his standing to maintain this claim because he does not dispute that he has failed to follow the existing procedures for viewing his PSR and SOR by making a request to his case manager. *See* Def.'s Reply to Pl.'s Oppos. [Doc. No. 16], Declaration of Kevin Patton ¶ 2.[4]

To the extent that plaintiff has not conceded the access issue, defendant has advanced a convincing argument that prisoners' rights under the FOIA are not absolute and, therefore, may be subject to legitimate restrictions. Prison administrators are accorded great deference in managing correctional facilities, particularly in the area of security. *See Turner v. Safley*, 482 U.S. 78, 86-87 (1987) ("in the absence of substantial evidence . . . to indicate that officials have exaggerated their response to [security matters], courts should ordinarily defer to their expert judgment . . . "). "To ensure that courts afford appropriate deference to prison officials, we have determined that

---

[4] Plaintiff avers from his knowledge gathered "from [the] experience[s] of other inmates," that "[i]n total it takes about a month for an inmate's request [to review his PSR and SOR] to be fulfilled . . . because of how the process works, we are able to view our records only about twelve times per year." Declaration of George T. Howell III [Doc. No. 14, Exhibit] ¶¶ 31-32. Hearsay "counts for nothing" when used to support or oppose a motion for summary judgment. *Gleklen v. Democratic Cong. Campaign Comm*., 199 F.3d 1365, 1369 (D.C. Cir. 2000) (citing Fed. R. Evid. 801-807).

prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987). Thus, the Supreme Court has sustained the validity of BOP regulations restricting constitutional rights that "reasonably relate[] to legitimate penological interests." *Id.* (quoting *Turner v. Safley*, 482 U.S. at 89) (footnote omitted); *accord Crawford-El v. Britton*, 951 F.2d 1314, 1318 (D.C. Cir. 1991) ("fundamental rights"); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("Impairment of . . . litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Here, a specific BOP regulation explains the reasons that inmates cannot have copies of their PSRs and SORs in their cells. "[T]he BOP Program Statement 1351.05 . . . based on concerns about inmate safety . . . reflects a judgment regarding prison administration that a court would be loath to second-guess." *Martinez*, Slip Op. at 7 (citations omitted). Defendant argues reasonably that "[i]f prison authorities can legitimately infringe on an inmate's constitutional rights, surely they can legitimately impinge on plaintiff's alleged right to continuously possess a copy of his PSR." Def's Supp. Mem. at 9. After all, the asserted right to have a copy of one's PSR is derived only from the FOIA, not from any constitutional source.[5]

---

[5] In his reply filed by counsel retained during the course of these proceedings, plaintiff argues for the first time that defendant's reliance on "Program Statement 1305.05" is invalid because it was not subjected to the rule-making process of the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 553 (requiring agencies to provide notice of a proposed rule and the opportunity for public comment). Pl.'s Reply at 5. The Court assumes that plaintiff is referring to Program Statement 1351.05. Plaintiff has not amended his complaint to state an APA claim, which in the absence of a responsive pleading he, through counsel, could have done as a matter of course pursuant to Fed. R. Civ. P. 15(a). *See U.S. Information Agency v. Krc*, 905 F.2d 389, 399

(continued...)

## IV.  CONCLUSION

For the foregoing reasons, the Court finds no genuine issue of material fact presented as to the propriety of defendant's response to plaintiff's FOIA request.  Because there has been no demonstration of an improper withholding of responsive records, defendant is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

s/
JOHN D. BATES
United States District Judge

Dated:   April 4, 2006

---

[5](...continued)
(D.C. Cir. 1990).  An APA claim therefore is not before this Court.  *But see Rodley v. Lappin*, Civ. Action No. 03-918 (GK), Order (Mar. 30, 2006) (remanding APA case challenging Program Statement 1351.05 to BOP for satisfaction of notice and comment requirements, while further ordering that it "remains in effect, subject to completion of the rule-making process").  The D.C. Circuit's implicit acceptance of Program Statement 1351.05 in *Martinez* has no direct bearing on Judge Kessler's remand because it is not based on an APA rule-making challenge, which is a claim "quite apart from the matter of substantive reviewability" of agency action.  *Lincoln v. Vigil*, 508 U.S. 182, 195 (2003); *accord American Medical Ass'n v. Reno*, 57 F.3d 1129, 1134 (D.C. Cir.1995) ("The APA's procedural requirements are enforceable apart from the reviewability of the underlying action.").  For present purposes, what is important is that BOP has provided an explanation, found in Program Statement 1351.05, of a reasonable relationship between its rule prohibiting inmates from having copies of their PSRs and legitimate penological (*i.e.*, safety) interests, to which the courts must afford appropriate deference.